## CUNARD S. S. CO., Limited, v. SULLIVAN.

(Circuit Court of Appeals, Second Circuit. February 9, 1925.)

No. 70.

Appeal and error ⚖888(1)—Courts ⚖322 (5)—Jurisdiction of federal court; omission from complaint of allegation of citizenship held cured by testimony.

Omission from complaint of allegation of plaintiff's citizenship *held* cured for jurisdictional purposes by his testimony as to his citizenship, brought out on his cross-examination by defendant and uncontradicted; the complaint being amendable by adding such allegation, at any stage of the proceedings and in the appellate court, under Judicial Code, § 274c (Comp. St. § 1251c).

In Error to the District Court of the United States for the Southern District of New York.

Action by Michael Sullivan against the Cunard Steamship Company, Limited. Judgment for plaintiff, and defendant brings error. Affirmed.

Writ of error to the District Court for the Southern District of New York (Knox, J., presiding), on a judgment for the plaintiff in an accident for personal injuries.

Lord, Day & Lord, of New York City (Thaddeus G. Cowell, of New York City, of counsel), for plaintiff in error.

C. Fuller Williams, of New York City (William S. Butler and James A. Gray, both of Brooklyn, N. Y., of counsel), for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge. This is an action for personal injuries due to the defendant's negligence. The plaintiff was a longshoreman, working for the defendant company in a gang stowing cargo in hold No. 6 of the steamship Carmania in the North River. While so engaged under the square of the hatch, he was struck and injured by the sudden lowering of a draft of cargo above him. The order was given by one Kenney, the head stevedore on the Cunard piers, who occupied the position of a superintendent and was immediately in charge of the work.

The plaintiff was in the night gang, which had just gone to work, and found five drafts left on the floor of the hold by the day gang, and three drafts hanging in the slings above their heads. Kenney did not usually take charge of such work, but owing to this unusual situation he intervened to get the work under way. He ordered the plaintiff, along with the other members of the gang, to move the drafts which lay on the floor, and, while the plaintiff was so engaged, ordered the men on deck to lower away the drafts in the slings, one of which caught the plaintiff.

The defendant in this court argued several points on the merits, which were disposed of at the time. We reserved only the question of jurisdiction, which we shall mention in a moment. As Kenney was a superintendent, he was not a fellow servant of the plaintiff, who may recover for his negligence. It seems to us needless to elaborate upon the facts or the law. The jury might clearly have found that any person giving an order to lower away the drafts while there were men working in the square of the hatch took his chances as to the way it should be done and was at fault. Nor are we in any sense impressed with the argument that at the time Kenney was engaged as a gang foreman, and was not the defendant's head stevedore. Having found a condition which needed immediate action, he at once assumed command of the whole job and directed all the workmen. In so doing we do not think that he abandoned his duties as superintendent.

The point which we reserved arose from the fact that the complaint, while stating the foreign incorporation of the defendant, did not state that the plaintiff was a citizen of the state of New York. No point was made of this omission in the pleadings, during the trial or in the assignments of error. It was raised for the first time in the brief. However, we acknowledge that, in a case where its jurisdiction does not affirmatively appear, the District Court should not proceed, and that we must take cognizance of the objection whenever it is raised, and indeed nostra sponte.

The defendant, for no reason that we can discover, on cross-examination got from the plaintiff the testimony that he was an American citizen who had been naturalized at Camp Upton in the year 1918, and that he had possession of his naturalization papers at his home. This was not contradicted, nor was any objection raised to its sufficiency, and the only point now taken is that the evidence should have appeared by documentary proof. Green v. Salas (C. C.) 31 F. 106.

We do not find it necessary to determine what evidence is necessary and alone competent to support an allegation of citizenship in a pleading on which issue has been raised. All we need do is to find somewhere in the record the substantive jurisdiction of the District Court. If, instead of alleging in his complaint that he was only a resident of the state of New York, the plaintiff had added that he was a citizen of that state as well, and if no issue had been taken upon the fact, the record would have been sufficient. We regard his sworn testimony to that effect, brought out by the defendant, without objection as to its insufficiency, and without effort to contradict it, as quite the equivalent of a sworn statement in the complaint undenied. Section 274c, of the Judicial Code (Comp. St. § 1251c) does the rest. It is there provided that, if diverse citizenship in fact exists when the suit is brought, though defectively alleged, either party may amend at any stage of the proceedings, or in the appellate court, so as to show the truth upon the record. The fact being shown by proof prima facie as good as though it had been alleged under oath in the pleadings, and not being denied or questioned, we feel free to treat the case as properly in the District Court.

Under the section quoted we will allow the plaintiff to file nunc pro tunc in the District Court an amendment to article 1 of his complaint so that it shall read as follows: "That he is a citizen and resident of the state of New York," etc. In view of the defendant's failure to make any objection to the testimony on the trial, we think that it should not be allowed to try to another jury the issue which its answer raises to the complaint so amended.

The judgment is affirmed.